IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60581
Conference Calendar

_____

HENRY CLAY LEWIS,

Plaintiff-Appellant,

versus

MARSHALL COUNTY CORRECTIONAL FACILITY;
EMMITT L. SPARKMAN, Warden; LATOYA JONES, Clerk of Inmate
Accounts; JANET L. JOYNER, Clerk of Inmate Accounts; JOHN
HOPKINS, Administrator, Administrative Remedy Program,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:01-CV-7-B
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Henry Clay Lewis, a Mississippi prisoner (# 12339), appeals
the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C. § 1983
civil rights action for failure to state a claim upon which
relief can be granted.

Lewis argues that the defendants violated his due process
and First Amendment rights by recouping from his inmate trust
account monies to pay for legal supplies and postage that earlier

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

had been given to him for free, at times while he was indigent. Because such practice does not pose an "atypical and significant hardship on [Lewis] in relation to the ordinary incidents of prison life," see Sandin v. Conner, 515 U.S. 472, 483-84 (1995), Lewis has not stated a cognizable due process claim. See Guajardo v. Estelle, 580 F.2d 748, 762-63 (5th Cir. 1978). He also has not stated a viable claim that the defendants' actions violated his First Amendment right of access to the courts, because he has not explained how the defendants' actions actually prejudiced him. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To the extent that Lewis is arguing that his money was taken from him unconstitutionally, such a claim would be frivolous because Mississippi provides an adequate post-deprivation remedy. See Nickens v. Melton, 38 F.3d 183, 185 (5th Cir. 1994).

Lewis' appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Lewis' appeal is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of his current complaint for failure to state a claim and this court's dismissal of this appeal as frivolous both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). This court has also affirmed the dismissal, as frivolous, of a prior civil-rights complaint by Lewis, which counts as another strike. See id.; Lewis v. Marshall County Corr. Facility, No. 00-60045 (5th Cir. June 16, 2000) (unpublished), cert. denied, 531 U.S. 963 (2000). Because Lewis has accumulated

at least three strikes, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.